IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELAINE GRAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:15-CV-2937 |
| | § | |
| TRAVELERS LLOYDS OF TEXAS | § | |
| INSURANCE COMPANY and | § | |
| MICHAEL JAMES BOONE | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Travelers Lloyds of Texas Insurance Company, one of the defendants in the above entitled and numbered cause, and files this its notice of removal, and in support thereof would respectfully show unto this Honorable Court as follows:

### I.
### STATE COURT ACTION

This case was initially filed in the 127th Judicial District Court of Harris County, Texas. The state court action is styled: Cause No. 2015-51204; <u>Elaine Gray v. Travelers Lloyds of Texas Insurance Company and Michael James Boone</u>, originally filed in the 127th Judicial District Court of Harris County.

### II.
### PARTIES

The plaintiff, Elaine Gray, is an individual citizen and resident of the State of Texas.

The defendant, Travelers Lloyds of Texas Insurance Company ("Travelers"), is an unincorporated insurance association, comprised of individual underwriters, authorized to conduct business in Texas as a "Lloyds Plan" insurer under the Texas Insurance Code. All of Travelers' underwriters reside in and are citizens of the State of Connecticut and none of Travelers' underwriters reside in or are citizens of Texas.

The defendant, Michael James Boone ("Boone"), is an individual citizen and resident of the State of Texas. Significantly, however, Boone and the plaintiff's claims against Boone have been improperly joined. Accordingly, Boone's citizenship should be disregarded for the purpose of determining this Court's jurisdiction over the plaintiff's claims against Travelers.

### III.
### JURISDICTION

This Court has jurisdiction over the subject matter of this cause pursuant to 28 U.S.C. § 1332 because this is a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and represents a dispute for which the <u>properly</u> joined parties are citizens of different states. Here, the plaintiff has improperly joined Boone to this suit. As such, Boone's citizenship should be disregarded for the purpose of determining this Court's jurisdiction over the plaintiff's claims against Travelers. As the plaintiff is a resident and citizen of Texas and all of Travelers' underwriters are residents and citizens of Connecticut, this cause is removable pursuant to 28 U.S.C. § 1441 and § 1446 and the case law construing and applying same.

**A. The doctrine of improper joinder is an exception to the rule of complete diversity entitling a defendant to remove to a federal forum unless an in-state defendant has been properly joined.**

As a general rule, for a case to be removed based on diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." <u>Harvey v. Grey Wolf Drilling Co.</u>, 542 F.3d 1077, 1079 (5th Cir. 2008). The doctrine of improper joinder is a narrow exception to the rule of complete diversity, and it "entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" <u>Mainali Corp. v. Covington Specialty Ins. Co.</u>, 2015 U.S. Dist. LEXIS 115191 *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, Sidney) (citing <u>Smallwood v. Ill. Cent. R.R. Co.</u>, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)). The doctrine allows federal courts to defend against attempts to manipulate their jurisdiction, such as by joining non-diverse parties solely to deprive federal courts of diversity jurisdiction. <u>Id.</u> *4-5.

Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court. <u>Parsons v. Baylor Heath Care Sys.</u>, 2012 WL 5844188, at *2 (N.D. Tex. Nov. 19, 2012) (Fitzwater, C.J.) (citing <u>Smallwood</u>, 385 F.3d at 573)). Under the second alternative, the test for improper joinder is:

> Whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

<u>Smallwood</u>, 385 F.3d at 573; <u>see</u> <u>also</u> <u>Travis v. Irby</u>, 326 F.3d 644, 648 (5th Cir. 2003) (explaining that terms "no possibility" of recovery and "reasonable basis" for recovery have essentially identical meaning, and holding that pleadings must show more than

"any mere theoretical possibility of recovery"). To assess whether a plaintiff has a reasonable basis of recovery under state law, "the court may conduct a [FED. R. CIV. P.] 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Smallwood, 385 F.3d at 573.

### B. Boone has been improperly joined because the plaintiff has not alleged a reasonable basis for the Court to predict that the plaintiff can recover against Boone.

The plaintiff asserts that Boone conducted a substandard investigation of the plaintiff's claim, failed to thoroughly investigate the plaintiff's losses, and spent an inadequate amount of time on the investigation. See plaintiff's original petition at ¶ 13. The plaintiff further alleges that Boone misrepresented to the plaintiff at the time of the inspection that the roof at issue had no wind or hail damage that resulted from the storm at issue and that Boone and Travelers set out to deny properly covered damages by performing a results-oriented investigation of the plaintiff's claim. See plaintiff's original petition at ¶¶ 14, 15. The plaintiff has brought causes of action against Boone for violations of Sections 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(3), and 541.060(a)(7). The plaintiff has also alleged that Boone violated the Texas Deceptive Trade Practices – Consumer Protection Act. See plaintiff's original petition at ¶ 44.

#### 1. The plaintiff cannot recover against Boone under Tex. Ins. Code § 541.060(a)(1).

As discussed above, the plaintiff asserts that Boone conducted a substandard investigation of the plaintiff's claim, failed to thoroughly investigate the plaintiff's losses, and spent an inadequate amount of time on the investigation. See plaintiff's original petition at ¶ 13. However, courts have held that acts or omissions like this "are not

within the scope of §541.060(a)(1) because they do not relate to the 'coverage at issue.'" One Way Invs., Inc. v. Century Sur. Co., 2014 WL 6991277, at *4 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.) (quoting Messersmith v. Nationwide Mut. Fire Ins. Co., 10 F.Supp.3d 721, 724 (N.D. Tex. 2014) (Solis, J.) (holding, inter alia, that the claims adjuster had been improperly joined because alleged misrepresentations that "there was no damage to . . . roof when in fact there was damage" and "that the damage was only cosmetic in nature when in fact there was leaking resulting from the damage" were not statements that related to the coverage at issue)).  "The misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage." Id. (quoting Messersmith, 10 F.Supp.3d at 724).  Here, the plaintiff does not allege that Boone made misrepresentations about the details of the policy at issue and thus cannot recover against Boone under Section 541.060(a)(1).

### 2. The plaintiff cannot recover against Boone under Tex. Ins. Code § 541.060(a)(2)(A).

Section 541.060(a)(2) involves the failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of claims where the insurer's liability is reasonably clear.  TEX. INS. CODE § 541.060(a)(2).  However, an adjuster "cannot be held liable under this section because, as an adjuster, [he] does not have settlement authority on behalf of [the insurer.]" Messersmith, 10 F. Supp.3d at 724.  Instead, an adjuster's "role is to assess the damage."  Id.  Because an adjuster cannot be held liable under Section 541.060(a)(2), the plaintiff cannot recover against Boone under Section 541.060(a)(2).

### 3. The plaintiff cannot recover against Boone under Tex. Ins. Code § 541.060(a)(3).

Section 541.060(a)(3) provides that it is an unfair settlement practice to fail to "promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim."  TEX. INS. CODE § 541.060(a)(3).  However, an adjuster cannot be held liable under Section 541.060(a)(3) because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise settlement of a claim. Mainali Corp., 2015 U.S. Dist. LEXIS 115191 at *4.  Because an adjuster cannot be held liable under Section 541.060(a)(3), the plaintiff cannot recover against Boone under Section 541.060(a)(3).

### 4. The plaintiff cannot recover against Boone under Tex. Ins. Code § 541.060(a)(7).

Section 541.060(a)(7) provides that it is an unfair settlement practice to refuse "to pay a claim without conducting a reasonable investigation with respect to the claim." TEX. INS. CODE § 541.060(a)(7).  However, as the court in Messersmith stated:

> The bad behavior that the statute targets is an insurer's refusal to pay under certain circumstances.  Those who can be held liable are the insurance company or the individual at the insurance company who refuses to pay the claim, not the individual responsible for conducting the investigation.

Messersmith, 10 F.Supp.3d at 725.  Thus, Boone cannot be held liable under Section 541.060(a)(7).

### 5. The plaintiff cannot recover against Boone under Texas Deceptive Trade Practices – Consumer Protection Act based on the allegations in the plaintiff's original petition.

The plaintiff's allegations with regard to her claim that Boone violated the Texas Deceptive Trade Practices – Consumer Protection Act ("DTPA") fail to properly state a

claim for relief under the liberal Texas pleading standard. The plaintiff's petition makes only conclusory allegations that provide the Court no reasonable basis to predict that the plaintiff might be able to establish liability against Boone under the DTPA. See e.g., Mainali Corp., 2015 U.S. Dist. LEXIS 115191 *11-15. As in Mainali, the plaintiff has pled only a theoretical possibility that Boone could be held liable under this section. Mainali Corp., 2015 U.S. Dist. LEXIS 115191 *13-14 (citing Smallwood, 385 F.3d at 573 (holding that pleadings must show more than a "mere theoretical possibility of recovery")); see also Weber Paradise Apartments, LP, 2013 U.S. Dist. LEXIS 72892, at *8 (quoting Griggs, 181 F.3d at 701 ("The mere recitation or paraphrasing to statutory provisions, absent at least a modicum of specificity, fails to meet Texas's 'fair notice' pleading standard. '[W]hether the plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery.'")).

In determining whether a reasonable basis exsits to predict that the plaintiff might be able to establish liability, courts must determine whether the plaintiff has set forth "specific actionable conduct" to support its claim against the non-diverse defendants. King v. Provident Life and Accident Ins. Co., 2010 WL 2730890, at *4 (E.D. Tex. June 4, 2010) (citing Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir. 1999)). "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery. King, 2010 WL 2730890, at *4 (quoting Griggs, 181 F.3d at 701) (emphasis in original). This means that the state-court petition must allege facts sufficient to establish the essential elements of each asserted cause of action. Calvary United

Pentecostal Church v. Church Mut. Ins. Company, 2015 WL 5354827, *3 (Tex.App. N.D. Tex. Aug. 31, 2015).  Merely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant.  Id.  Here, the plaintiff has not listed any "specific actionable conduct" against Boone by which her DTPA claims would be supported.  See Griggs, 181 F.3d at 699.  While the plaintiff has made several allegations as against Boone, those allegations do not factually fit with the plaintiff's DTPA claims.  Instead, the plaintiff has merely lumped Travelers and Boone together and made undifferentiated liability averments.  Thus, the plaintiff has failed to provide any reasonable basis for the Court to predict that she can recover under the DTPA.  As such, Boone and the claims brought under the DTPA against Boone have been improperly joined and the plaintiff cannot recover against Boone based on the allegations in the plaintiff's original petition.

## IV.
## TIMELINESS

Travelers was served with process and the plaintiff's original petition on September 11, 2015.  Thirty days have not elapsed since Travelers was served with process. Accordingly, pursuant to 28 U.S.C. § 1446, this notice of removal is timely and proper.

Upon information and belief, Boone has not yet been served with process and the plaintiff's original petition.  Thus, thirty days have not elapsed since Boone was served with process. Accordingly, pursuant to 28 U.S.C. § 1446, this notice of removal is timely and proper.

## V.

## ATTACHMENTS

Pursuant to 28 U.S.C. § 1446(a), Local Rule 3, and Local Rule 81, the following exhibits are attached hereto and incorporated herein by reference for all purposes:

a. Exhibit A:   Civil action cover sheet;

b. Exhibit B:   Copies of all executed processes in the case, if any;

c. Exhibit C:   Copies all pleadings asserting causes of action and all answers to such pleadings;

d. Exhibit D:   Copies of all orders signed by the state court judge, if any;

e. Exhibit E:   A copy of the state court docket sheet;

f. Exhibit F:   An index of matters being filed;

g. Exhibit G:   A list of all counsel of record, including addresses, telephone numbers, and parties represented; and

h. Exhibit H:   Michael James Boone's consent to removal.

## VI.
## CONDITIONS PRECEDENT

Travelers has tendered the filing fee required by the Clerk of the United States District Court for the Southern District of Texas, Houston Division, along with this notice of removal.  A copy of this notice of removal is also being filed in the 127th Judicial District Court of Harris County, Texas, and all counsel of record are being provided with complete copies.

## VII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Travelers Lloyds of Texas Insurance Company respectfully requests that the above action, styled: Cause No. 2015-51204;

<u>Elaine Gray v. Travelers Lloyds of Texas Insurance Company and Michael James Boone</u>, originally filed in the 127th Judicial District Court of Harris County, be removed to this Court.

                                                Respectfully submitted,

                                                ORGAIN BELL & TUCKER, LLP
P O Box 1751
Beaumont, TX 77704-1751
(409) 838-6412
(409) 838-6959 facsimile
<u>/s/ Greg C. Wilkins</u>
Greg C. Wilkins
State Bar No. 00797669
Southern District Bar No. 33280
gcw@obt.com
Warren B. Wise
State Bar No. 24075299
Southern District Bar No. 1129798
wwise@obt.com

ATTORNEYS FOR DEFENDANT,
TRAVELERS LLOYDS OF TEXAS
INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

    I do hereby certify that on the 7th day of October, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and also forwarded it to the following counsel of record by Certified Mail, Return Receipt Requested:

    Bryant Fitts
    Fitts Law Firm, PLLC
    2700 Post Oak Blvd., Suite 1120
    Houston, Texas 77056

                                                <u>/s/ Greg C. Wilkins</u>