# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ELAINE GRAY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:15-CV-2937** |
| | § | |
| **TRAVELERS LLOYDS OF TEXAS** | § | |
| **INSURANCE COMPANY and** | § | |
| **MICHAEL JAMES BOONE** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT'S NOTICE OF REMOVAL**
**EXHIBIT C: COPIES OF PLEADINGS ASSERTING**
<u>**CAUSES OF ACTION AND ALL ANSWERS TO SUCH PLEADINGS**</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Travelers Lloyds of Texas Insurance Company, a defendant in the above entitled and numbered cause, and files copies of all pleadings asserting causes of action and all answers to such pleadings as required by Local Rule 81.2.

8/31/2015 2:03:03 PM
Chris Daniel - District Clerk Harris County
Envelope No. 6725601
By: Nelson Cuero
Filed: 8/31/2015 2:03:03 PM

# 2015-51204 / Court: 127

NO. _____

| | | |
|---|---|---|
| ELAINE GRAY, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| TRAVELERS LLOYDS OF TEXAS | § | |
| INSURANCE COMPANY and | § | |
| MICHAEL JAMES BOONE | § | |
| | § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND
### INITIAL WRITTEN DISCOVERY REQUESTS

Pursuant to the Texas Rules of Civil Procedure, Plaintiff, Elaine Gray files this Original Petition and Initial Written Discovery Requests, complaining of the acts and omissions of Defendants, Travelers Lloyds of Texas Insurance Company ("Travelers") and Michael James Boone ("Boone"), and, in support, respectfully shows the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.      This case is intended to be governed by Discovery Level 2.

### II.
### PARTIES & SERVICE

2.      Elaine Gray ("Plaintiff") resides in Harris County, Texas.

3.      Defendant Travelers is, according to the Texas Department of Insurance, a domestic insurance company with its principal place of business in Texas that may be served through its Registered Agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

4.      Defendant, Michael James Boone, is an individual who assisted with adjusting the claim at issue and is licensed as an adjuster in the State of Texas.  This Defendant may be served with process at 4650 Westway Park Blvd Suite 350, Houston, Texas 77041 or wherever he may be found.

### III.
### JURISDICTION & VENUE

5.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

6.      Plaintiff prefers to have the jury determine the fair amount of compensation for Plaintiff's damages, it is early in the case to be assessing the full nature and scope of Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury's hands. Rule 47 of the Texas Rule of Civil Procedure, however, *requires* Plaintiff to provide a statement regarding the amount of monetary relief sought.  Accordingly, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief between $100,000.00 and $200,000.00.

7.      Venue is proper in Harris County, Texas because the insured property is situated in Harris County, Texas and/or the contract was signed in Harris County, Texas. Tex. Civ. Prac. & Rem. Code § 15.002.

### IV.
### FACTS

8.      Plaintiff is a named insured under a property insurance policy (the "Policy") issued by Travelers. The Policy insures, among other things, against losses from wind and hail damage

to Plaintiff's property, namely, the real property and improvements located at 5018 Hickory Green Ct., Kingwood, Texas 77345 (the "Property").

9.      On or about October 13, 2014 during the policy period, a hail and windstorm caused covered damage to the Subject Property. The storm caused extensive damage to the roof, gutters, fence, and garage door.

10.     Shortly after the storm, plaintiff noticed damage to her home. Ms. Gray contacted Travelers by telephone to notify Travelers of the damage.

11.     Plaintiff submitted a claim to Travelers against the policy for all roof damage, structural damage, water damage, and wind damage the Property sustained as a result of the storm.

12.     Plaintiff asked that Travelers honor its contractual obligations to cover the cost of repairs to Plaintiff's home.

13.     Travelers assigned Defendant Boone to adjust the Claim.  Defendants, Travelers and Boone, conducted a substandard investigation of Plaintiff's claim, failed to thoroughly investigate Plaintiff's losses, and spent an inadequate amount of time on the investigation.

14.     Despite obvious visible wind damage and multiple indentations in the roof caused by hail, Defendant Boone, on her own behalf and on behalf of Travelers verbally misrepresented to Plaintiff at the time of the inspection that the roof had no wind and hail damage. Boone repeated this misrepresentation, again on his own behalf and on behalf of Travelers, in a letter to Plaintiff dated April 23, 2015.

15.     Together, Defendants Travelers and Boone set out to deny properly covered damages by performing a results-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

16.     Defendant Travelers failed to perform its contractual obligation to adequately compensate Plaintiff under the terms of the policy. All conditions precedent to recovery upon the policy have been performed by Plaintiff. Travelers conduct constitutes a breach of the insurance contract between Travelers and Plaintiff.

17.     Even though Plaintiff's property sustained obvious damages caused by a covered occurrence, Defendants misrepresented to Plaintiff that the Policy provided coverage to Plaintiff for some of the damage, thus falsely claiming Plaintiff's home had not been damaged. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

18.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

19.     Defendants refused to adequately compensate Plaintiff under the terms of the Policy even though they failed to conduct a reasonable investigation of the claim. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §542.060(a)(7).

20.     Defendants failed to offer Plaintiff a reasonable explanation for why her claim was being denied. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

21.     Defendant, Travelers, failed to timely acknowledge Plaintiff's claim, begin an investigation of the claim, and request all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of the claim. This conduct violated the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

22.     Defendant, Travelers, failed to accept Plaintiff's full and entire claim within the statutorily mandated time of receiving all the necessary information. This conduct was a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

23.     Defendant, Travelers, has delayed full payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received full payment for her claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

24.     Since the time Plaintiff's claim was presented to Defendant Travelers, the liability of Travelers to pay the full claim in accordance with the terms of the Policy has been reasonably clear. Nevertheless, Travelers has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the claim.  This conduct is a violation of Travelers duty of good faith and fair dealing.

25.     All Defendants knowingly or recklessly made false representations, as described above, as to material facts.  Alternatively, all Defendants knowingly concealed all or part of material information from Plaintiff.

26.     To date, Plaintiff has yet to receive full payment for the damages to which Plaintiff is entitled under the Policy.  Plaintiff has suffered damages as a result of Defendants' actions described above.  The mishandling of Plaintiff's claim also caused a delay in Plaintiff's ability to fully repair her property, resulting in additional damages.

## V.
## CAUSES OF ACTION

### A.     Breach of Contract (Against Travelers)

27.     Defendant Travelers had a contract of insurance with Plaintiff.  Plaintiff met or performed all conditions precedent under the contract.  Travelers breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

28.     Defendant Travelers is therefore liable to Plaintiff for breach of contract.

**B.      Prompt Payment of Claims Statute (Against Travelers)**

29.     The Claim is a claim under an insurance policy with Defendant Travelers, of which Plaintiff gave Travelers proper notice.  Travelers is liable for the Claim.

30.     Defendant Travelers violated the prompt payment of claims provisions of the Texas Insurance Code, namely, section 542.051 *et seq.*, by:

> a.  Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements, and forms Travelers reasonably believed would be required within the time constraints provided by Tex. Ins. Code § 542.055;
>
> b.  Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or
>
> c.  Delaying payment of the Claim following Travelers' receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

31.     Defendant Travelers is therefore liable to Plaintiff for damages.  In addition to Plaintiff's claim for damages, Plaintiff is further entitled to 18% interest and attorneys' fees as set forth in section 542.060 of the Texas Insurance Code.

**C.      Unfair Settlement Practices/Bad Faith (Against All Defendants)**

32.     Each of the foregoing paragraphs is incorporated by reference in the following.

33.     As explained further herein, Defendants violated Tex. Ins. Code § 541.060(a) by engaging in unfair settlement practices.

**Defendant Travelers**

34.     Defendant Travelers engaged in unfair settlement practices by:

    a.  misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

    b.  failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Travelers' liability had become reasonably clear;

    c.  failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Travelers' denial of a claim or offer of a compromise settlement of a claim;

    d.  failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

    e.  refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

35.     Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Travelers and was a producing cause of Plaintiff's damages.  Travelers is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff's damages.

**Defendant Boone**

36.     Defendant Boone was a contractor and/or adjuster assigned by Travelers to assist with adjusting the Claim. Defendant Boone was charged with investigating the Claim and communicated with the insured about the Policy terms.  Insurance adjusters are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, *et seq.*, and are individually liable for their individual violations of the Texas Insurance Code.  *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998).

37.     Defendant Boone was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's Claim, including the discovery of covered damages and fully quantifying covered damages to Plaintiff's Property.

38.     Defendant Boone conducted a substandard, results-oriented inspection of the Subject Property.  As such, Boone failed to discover covered damages and/or fully quantify covered damages to Plaintiff's Property, as the Policy and Texas law require.

39.     Further, Boone misrepresented material facts to Plaintiff, that is, the existence and true value of Plaintiff's covered losses.  Additionally, Boone failed to provide Plaintiff with a reasonable explanation as to why Boone was not compensating Plaintiff for the covered losses, or the true value thereof.

40.     Thus, Defendant Boone engaged in unfair settlement practices by:

a.   misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue;

b.   failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Travelers' liability had become reasonably clear;

c.   failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Boone's  denial of a claim or offer of a compromise settlement of a claim; and/or

d.   failing to conduct a reasonable investigation of Plaintiff's Claim.

41.     Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Boone and was a producing cause of Plaintiff's damages.  Defendant Boone is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff's damages.

**D.      DTPA (Against All Defendants)**

42.      Each of the foregoing paragraphs is incorporated by reference here fully.

43.      At all material times herein, Plaintiff was a "consumer" who purchased insurance products and services from Defendants, and the products and services form the basis of this action.

44.      Defendants have violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

   a.   Defendants represented the Policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

   b.   Defendants represented goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities they do not have;

   c.   Defendants failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiff into a transaction Plaintiff would not have entered into had the information been disclosed;

   d.   Defendants, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Defendants took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code;

   e.   Generally engaging in unconscionable courses of action while handling Plaintiff's claim; and/or

  f. Violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

45. As a result of Defendants' violations of the DTPA, Plaintiff suffered actual damages, and such violations were a producing, actual, and proximate cause of Plaintiff's damages.  Therefore, Defendants are liable to Plaintiff for violations of the DTPA.

46. Further, Defendants knowingly and/or intentionally committed the acts complained of herein.  As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**E.** **Breach of Duty of Good Faith and Fair Dealing (Against Travelers)**

47. Defendant Travelers breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Travelers knew or should have known liability was reasonably clear.  Travelers' conduct proximately caused Plaintiff's damages.

48. Defendant Travelers is therefore liable to Plaintiff.

**F.** **Attorneys' Fees**

49. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

50. Plaintiff is entitled to recover reasonable and necessary attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

51. Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Bus. & Com. Code § 17.50(d).

52.     Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorneys' fees pursuant to sections 541.152 and 542.060 of the Texas Insurance Code.

## IX.
## CONDITIONS PRECEDENT

53.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

## X.
## JURY TRIAL DEMAND

54.     Plaintiff demands a jury trial of this cause, and has or will tender the appropriate jury fee.

## XI.
## DISCOVERY REQUESTS

55.     Pursuant to Rule 194, all Defendants are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

56.     All Defendants are also requested to respond to the attached discovery requests within fifty (50) days in accordance to the instructions contained therein.

## XII.
## NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

57.     Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives notice of Plaintiff's intent to use all discovery instruments produced in this case at trial.  Such discovery instruments include, but are not limited to, all documents Defendants have or will produce in response to Plaintiff's written discovery requests.

## XIII.
## CONCLUSION & PRAYER

58.     For these reasons, Plaintiff prays that citations be issued and, upon final hearing of the case, Plaintiff recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

**Bryant Fitts**
Texas State Bar No. 24040904
bfitts@fittslawfirm.com
Carla R. Delpit
Texas State Bar No. 24082183
cdelpit@fittslawfirm.com
FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.871.1670
Facsimile 713.583.1492

**ATTORNEYS FOR PLAINTIFF**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## AND REQUEST FOR PRODUCTION

PLAINTIFF in this case requests that Defendant(s) answer the following Interrogatories and Request for Production separately in writing under oath within 50 days of service and serve your answers to these Interrogatories and Request for Production and produce related documents on Plaintiff by and through her attorneys of record:

FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.871.1670
Facsimile  713.583.1492

The documents must be produced at the office of Fitts Law Firm, PLLC as they are kept in the usual course of business and organized and labeled to correspond with the numbers requests.

You are under a duty to amend your responses if you obtain information on the basis of which:

1) You know the response made was incorrect or incomplete when made; or
2) You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

Respectfully submitted,

*Bryant Fitts*

_____
Bryant Fitts
Texas State Bar No. 24040904
bfitts@fittslawfirm.com
Carla R. Delpit
Texas State Bar No. 24082183
cdelpit@fittslawfirm.com
FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.871.1670
Facsimile  713.583.1492

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

This is to certify that, pursuant to the provisions of Texas Rule of Civil Procedure 21a, a true and correct copy of the foregoing document has been attached to the petition.

_____
Bryant Fitts

## <u>DEFINITIONS AND INSTRUCTIONS</u>

1. In answering this discovery, please furnish all information available to you, including information in the possession of your agents, attorneys, investigators for your attorneys, and not merely known of your personal knowledge.

2. If you are unable to answer a particular question or request in full after exercising due diligence to obtain the information to do so, please state this and answer the question or request to the fullest extent possible, specifying and explaining your inability to answer the entire question or request and stating what information or knowledge you have concerning the answered portion.

3. In the event that you withhold information or documents or object to a request on the grounds of a privilege:
   a. Identify the title of the document and it's general subject matter;
   b. State the date of the document;
   c. Identify the persons who participated in its preparation;
   d. Identify the persons for whom it was prepared or to whom it was sent;
   e. State the nature of the privilege claims; and
   f. State in detail each and every fact upon which you base your claims for privilege.

4. "Documents" is to be interpreted broadly and includes any original, reproduction or copy of any kind, typed, recorded, graphic, printed, written or documentary, including without limitation, correspondence, memoranda, calendars, desk files, interoffice communications, notes, diaries, contracts, documents, drawings, plans, specifications, estimates, inventories, vouchers, permits, written ordinances, minutes of meetings, invoices, billings, checks, reports, studies, telegrams, notice of telephone conversations, sales receipts and notes of any and all communications and every other means of recording any tangible thing, any form of communication of representation, including letters, words, pictures, sounds or symbols, or combinations thereof in your possession, custody, or control. This term is intended to include information, data, and items generated by, recorded by, and/or stored by or in electronic or digital means and formats, such as computer drives, computer servers, and/or any other computer, electronic, or digital means. Such digital or electronic information, data, and items should be produced in their original, unaltered versions; however, this term also expressly seeks any corollary files generated pursuant to any alterations of the original versions and files that otherwise evidence the history, tracking, deletion, and/or other alteration of such information, data, and items (i.e., metadata). Information, data, and items generated by, recorded by, and/or stored by or in electronic or digital means and formats are requested to be produced via CD-ROM, DVD, or similar digital format and to include metadata.

5.  "You," "Your," "Yours," "Defendants," and "Defendant" means and refers to all Defendants in this case, as well all other natural persons, businesses or legal entities acting or purporting to act for or on behalf of the person or entity to whom these requests are directed.

6.  When asked to identify a person or state the identity of a person, or when an interrogatory refers to a person, please state
    a.  His/her full name;
    b.  Present or last known residence address;
    c.  Present or last known business address; and,
    d.  Present residence and/or business telephone number.

7.  If you decide that one question constitutes more that one question and you plan to object on the basis of excessive interrogatories, you are instructed to skip that question and continue to answer the questions that you consider to be single questions.  By answering any numbered question, you are admitting that one number question is in fact one question and waive and objection based upon a limit of interrogatories.

8.  "Plaintiff" and "Plaintiffs" refer to a single Plaintiff or multiple Plaintiffs, if applicable.

## FIRST SET OF INTERROGATORIES

**Interrogatory No. 1**.  State the name, address (both work and home), telephone number, driver's license number, social security number, and position or job title of all persons answering these interrogatories.

**Response:**

**Interrogatory No. 2**.  List the date(s) Defendant(s) requested that Plaintiff provide any of the named Defendants in this cause of action with information, which was required in order to properly evaluate Plaintiff's claim(s).

**Response:**

**Interrogatory No. 3**.  List the date(s) Defendant(s) received Plaintiff's claim(s) for coverage for property damages, the date(s) Defendant(s) first acknowledged Plaintiff's notice of claim(s), and in what form the notice of claim was submitted.

**Response:**

**Interrogatory No. 4**.  Do you contend that Plaintiff did not provide you and/or the adjuster or other third parties with all information you and/or the adjuster requested in order to properly evaluate Plaintiff's claim?  If so, please state what information was requested and not provided, and the dates of the requests.

**Response:**

**Interrogatory No. 5**.  State the basis, in fact and in the terms of the policy, for your denial or partial denial of any portion of Plaintiff's claim for coverage for hail damage to the Subject Property (or the adjuster's recommendation of denial).

**Response:**

**Interrogatory No. 6**.  State the name, address, telephone number, and job title or position of all persons who issued, adjusted, investigated, reviewed, handled, made entries or made decisions, or exchanged any documents or communications, including electronic, regarding Plaintiff's insurance policy or the claim(s) making the basis of this lawsuit including the name, address and telephone number of the identified person's supervisor.  For all such persons who are no longer employees, agents, or representatives of any defendant, please so indicate and provide the person's last known address and telephone number.

**Response:**

**Interrogatory No. 7**.  State the name, address, telephone number and job title or position of all persons and/or entities in Texas that have been approved to perform outside adjusting, accounting or engineering investigation and recommendations on Plaintiff's claims(s).

**Response:**

**Interrogatory No. 8**.  State the number of years in which any adjuster involved in the claim at issue has adjusted, investigated and/or recommended any compromise settlement and/or payment of policies held by the insurance company involved in this case.  Please also provide the date on which such adjuster was licensed as an adjuster in the State of Texas.

**Response:**

**Interrogatory No. 9**.  For each adjuster involved with the claim at issue, list any and all courses, seminars, education, training or other experiences such person has attended or received concerning knowledge of Texas Insurance Code Chapter 541.  Formerly Art. 21.21, *et seq*., and Texas Insurance Code Chapter 542, formerly Art5. 21.55. *et seq.* Please also provide the name, address and telephone number of the entity or individual that sponsored and/or provided the course, seminar, education, training or other experience.

**Response:**

**Interrogatory No. 10**.  State the legal theories, and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. § 541.060.

**Response:**

**Interrogatory No. 11**.  Identify every other insurance claim made for property damage in the same city/town as the house at issue in this case, and stemming from the same storm, which claim was denied in part or whole.  State the name, phone number and address of the insured.

**Response:**

**Interrogatory No. 12**.  For each investigation by a Texas governmental agency within the last four years into Defendant's(s') practices when handling first party claims for building damage, business personal property damage, state the name of the agency, the names of all investigators, and the names of all government representatives with whom Defendant(s) communicated for purposes of the investigation.

**Response:**

**Interrogatory No. 13**.   List any and all courses, seminars, education, training or reference materials persons involved in adjusting the claim at issue attended or received specific to handling and investigating building damage.

**Response:**

**Interrogatory No. 14**.  List any and all experience each person involved in adjusting the claim at issue has concerning handling or adjusting property damage claims.

**Response:**

**Interrogatory No. 15**.  State the current annual salary each person involved in adjusting the claim at issue earns from the adjustment of insurance claims.  Please state any bonus and/or profit-sharing proceeds received in the last five years and how those bonus and/or profit-sharing proceeds were calculated.

**Response:**

**Interrogatory No. 16**.  Please state whether Defendant(s) took, or are aware of the taking of a recorded statement and/or examination under oath of Plaintiff regarding the claim made the basis of this lawsuit.  If a recorded statement and/or examination under oath was taken, please state the date it was taken and the name of the person taking the statement.  Please also state whether the statement was transcribed and where the statement is currently located and/or the last place Defendant(s) saw a transcription of same.

**Response:**

**Interrogatory No. 17**.   Identify anyone who recommended payment on Plaintiff's claim(s), and if so, state what amount(s).

**Response:**

**Interrogatory No. 18**.  State whether any person involved in adjusting the claim at issue requested or asked for assistance in handling and/or investigating Plaintiff's claim(s), and if so, identify to whom the request was made.

**Response:**

**Interrogatory No. 19**.  State the name, address, and telephone number of the office which each person involved in adjusting the claim at issue worked while handling Plaintiff's claim(s), and the name, address, and telephone number of each person's direct supervisor during that time.

**Response:**

**Interrogatory No. 20**.  If you received complaints from an insurance agent concerning the handling of any hail or windstorm claims made pertaining to the same date of loss as this case, identify such agent by name, address, and telephone number.

**Response:**

**Interrogatory No. 21**.  Give the name, address and telephone number of all persons making a claim with you for property damage for the same date of loss as Plaintiff's claim.  This request is limited to persons who live within a 5-mile radius of Plaintiff's insured residence.

**Response:**

## <u>FIRST SET OF REQUEST FOR PRODUCTION</u>

**<u>Request for Production No. 1.</u>** A certified copy of the insurance policy issued by Defendant to Plaintiff.

**<u>Response:</u>**

**<u>Request for Production No. 2.</u>** The underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

**<u>Response:</u>**

**<u>Request for Production No. 3.</u>** The claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "filed" files and notes, and drafts of documents contained in the file.

**<u>Response:</u>**

**<u>Request for Production No. 4.</u>** The electronic diary, including the electronic and paper notes made by Defendant's(s') claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff claims.

**<u>Response:</u>**

**<u>Request for Production No. 5.</u>** Your written procedures or policies (including document(s) maintained in electronic form) that pertain to the handling of windstorm claims in Texas from the date of the loss at issue in this claim, and one year, and forward one year. If the party answering this request is an independent adjuster, produce the requested documents for both the independent adjusting company and the party [carrier] that hired you with respect to this claim.

**<u>Response:</u>**

**Request for Production No. 6.** Your written procedures or policies (including document(s) maintained in electronic form) in place from the date of loss at issue in this claim, and back on year, and forward one year, that pertain to the handling of complaints made by windstorm policyholder in Texas. If the party answering this request is an independent adjusted, produce the requested documents for both the independent adjusting company and the party [carrier] that hired you with the respect to this claim.

**Response:**

**Request for Production No. 7.** The Operation Guides which relate to the handling of hail claims in Texas in effect from the date of loss at issue in this case, and back one and forward one year. If the party answering this request is an independent adjuster, produce the requested documents for both the independent adjusting company and the party [carrier] that hired you with respect to this claim.

**Response:**

**Request for Production No. 8.** The adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim and any claims for damages you contend are related to the underlying claim.

**Response:**

**Request for Production No. 9.** Any engineering or other reports prepared concerning Plaintiff's underlying claim and any claims for damages you contend are related to the underlying claim.

**Response:**

**Request for Production No. 10.** If you dispute that the cause of the loss was related solely to a storm during the policy period at issue, produce all reports in your possession regarding damage to any property within a one-mile radius of the Plaintiff's insured property, and produce any reports concerning hail such radius.

**Response:**

**Request for Production No. 11.** If you contend that the damages are caused by anything other than the event at issue in the underlying claim, produce all related claim files, reports, and photos in your possession

**Response:**


**Request for Production No. 12.** Any roofing repair reports prepared concerning the Insured Location.

**Response:**


**Request for Production No. 13.** The field notes, measurements and file maintained by the adjuster(s) and/or engineers who physically inspected the subject property.

**Response:**


**Request for Production No. 14.** The emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

**Response:**


**Request for Production No. 15**. The videotapes, photographs and records of Plaintiff or Plaintiff's home, regardless of whether you intend to offer these items into evidence at trial.

**Response:**


**Request for Production No. 16.** Defendant's(s') internal newsletter, bulletins, publications and memoranda relating to policies and procedures for handling Texas hail claims that were issues from one year prior to the date of loss at issue to one year after the date, including , but not limited to, memoranda issued to claims adjusters.

**Response:**


**Request for Production No. 17.** The price guidelines that pertain to the handling of claims arising out of hail storms. In the event you utilize published guidelines or "off the shelf" software, without medication, as your price guidelines, you may respond by simply identifying by name, version, and/or edition the published guidelines you use.

**Response:**

**Request for Production No. 18.** The Plaintiff's file from the office of their insurance agent.

**Response:**

**Request for Production No. 19.** The information regarding weather condition on which you relied in making decisions on the Plaintiff's claims.

**Response:**

**Request of Production No. 20.** The documents, manuals and training materials, including audio and/or video tapes used in training, overseeing or supervising your personnel employed in adjusting property claims in Texas and in effect from one year prior to the date of loss at issue through one year after such date.

**Response:**

**Request for Production No. 21.** The "Pay sheet," "Payment Log," or list of payments made on Plaintiff's claim. This includes all indemnity, claim expenses and third party payments.

**Response:**

**Request for Production No. 22.** The billing statements, including billing detail, of the independent adjusters and engineers retained to evaluate the subject property.

**Response:**

**Request for Production No. 23.** The documents reflecting reserves applied to the subject claim.

**Response:**

**Request for Production No. 24.** For the past five years, the portions of the personnel file of the adjuster(s) involved in handling Plaintiff's claim that pertain to disciplinary actions associated with claims handling, and performance under a bonus or incentive plan.

**Response:**

**Request for Production No. 25.** The managerial bonus or incentive place for managers responsible for windstorm claims in effect for the time period one year prior to the date of loss at issue through one year after such date.

**Response:**

**Request for Production No. 26.** The bonus or incentive plan for adjusters in effect for the time period one year prior to the date of loss at issue through one year after such date.

**Response:**

**Request for Production No. 27.** The documents reflecting your criteria and procedures for the selection and retention of independent adjusters and engineers handling windstorm claims in Texas from one year prior to the date of loss at issue through one year after such date.

**Response:**

**Request for Production No. 28.** If a third party evaluated the subject property, provide the documents that show the number of other matters in which the same such person(s) were retained by you to evaluate other properties over the past five years.

**Response:**

**Request for Production No. 29.** The Complaint Log required to be kept by you for windstorm complaints in Texas filed over the past three years.

**Response:**

**Request for Production No. 30.** Your approved or preferred vendor list for engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the date of loss at issue through one year after such date.

**Response:**

**Request for Production No. 31.** The contract between the Defendant insurer and the Defendant third party adjusting company.

**Response:**

**Request for Production No. 32.** The correspondence between the Defendant insurer and the third party adjusters/adjusting firms, engineers and other estimators who work on the claim that pertain to the Claim at issue.

**Response:**

**Request for Production No. 33.** Produce the claim file for all property damage claims made by persons for the same date of loss as Plaintiff's claim. This request is limited to persons who love within a 5 mile radius of Plaintiff's insured residence.

**Response:**

CAUSE NO. 2015-51204

| | | |
|---|---|---|
| **ELAINE GRAY,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **127TH JUDICIAL DISTRICT** |
| | § | |
| **TRAVELERS LLOYDS OF TEXAS** | § | |
| **INSURANCE COMPANY and** | § | |
| **MICHAEL JAMES BOONE** | § | |
| | § | |
| **Defendants.** | § | **HARRIS COUNTY, TEXAS** |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Travelers Lloyds of Texas Insurance Company, one of the defendants in the above entitled and numbered cause, and files this its original answer to the plaintiff's original petition on file herein, and in support thereof would respectfully show the Court as follows:

I.

The defendant hereby generally denies the allegations contained in the plaintiff's petition on file herein pursuant to Rule 92 of the Texas Rules of Civil Procedure, and thus asserts its privilege of insisting that such allegations be proven by a preponderance of credible evidence.

II.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, the defendant notifies all parties to this lawsuit of the defendant's intent to introduce as evidence at any pretrial proceeding or at trial any document produced by any party in discovery in this lawsuit.

III.

The defendant specifically reserves the right to amend its answer to plead any affirmative defenses or other matters that must be specially pled and to assert any counterclaims or third-party claims it may have after discovery in this case is complete.

WHEREFORE, PREMISES CONSIDERED, the defendant, Travelers Lloyds of Texas Insurance Company, moves and prays the Court that upon trial hereof, the plaintiff recover nothing, and that the defendant go hence with its costs, and for such other and further relief, both general and special, legal and equitable, to which the defendant may show itself justly entitled to receive.

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
P O Box 1751
Beaumont, TX 77704-1751
(409) 838-6412
(409) 838-6959 facsimile

/s/ Greg C. Wilkins
Greg C. Wilkins
State Bar No. 00797669
gcw@obt.com
Warren B. Wise
State Bar No. 24075299
wwise@obt.com

ATTORNEYS FOR DEFENDANT,
TRAVELERS LLOYDS OF
TEXAS INSURANCE COMPANY

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on the 5th day of October, 2015, I electronically filed the foregoing with the Harris County District Clerk via eFile Texas which will send notification of such filing to each counsel of record.

<u>/s/ Greg C. Wilkins</u>